Ricky J. Kawczynski
3961 West Drexel Ave
Franklin, WI 53132
414-217-9558

DOC NO
REC'D/FILED
2014 FEB 18 AM 11:49
PETER OPPENEER
CLERK US DIST COURT
WD OF WI

UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Ricky J. Kawczynski, | ) Case No.: No. 14-cv-125-bbc |
| Plaintiff, | ) CIVIL ACTION |
| vs. | ) |
| Ritchie Lakeland Oil, a Wisconsin company | ) |
| Joe Ritchie, owner of Ritchie Lakeland Oil | ) |
| Defendant(s) | |

JURISDICTION

This Court has jurisdiction over this action pursuant to the Resource and Conservation Recovery Act (RCRA), 42 U.S.C. Section 6901§ et seq. and the Clean Water Act (CWA) 33 U.S.C 1251 § et seq.

VENUE

The venue is proper in that all defendants reside in, or are headquartered within the geographical boundaries of the Court.

NATURE OF THE CLAIM

Joe Ritchie is responsible for past and on-going violations of the Federal Water Pollution Control Act, commonly known as the Clean Water Act ("CWA") by CWA Violator ("Ritchie Lakeland Oil"). Pursuant to authorization provided by section 505(a)(1) (33 U.S.C. 1365(a)(1)), Rick Kawczynski is commencing a civil action known as a citizen suit against Joe Ritchie and Ritchie Lakeland Oil for potentially discharging pollutants from an undetermined point source location into the Lake Minocqua chain of lakes in exceedence of its National Pollution Discharge Elimination System ("NPDES") Permit in violation of CWA 301 (a), 33 C.F.R. 1311 (a) and CWA 402, 33 U.S.C. 1342.

1

## BACKGROUND

In January 2003 Ritchie Lakeland Oil applied for, and received, an industrial storm water discharge permit as part of the National Pollution Discharge Elimination System ("NPDES") from the Wisconsin Department of Natural Resources.

According to that permit, Ritchie Lakeland Oil was granted the authority to discharge storm water from its industrial facility via various catch basins on its premises for their Minocqua WI location.

In accordance with the permit as laid out in WI NR 216.28, applicant was required to locate and test all storm water outfalls and maintain records accessible to the public regarding maintenance and monitoring of non-storm water discharges. On the basis of the best information currently available, plaintiff believes that Ritchie Lakeland Oil has violated and is engaged in ongoing violations of the Clean Water Act by failing to comply with the terms of its permit.

## LEGAL STANDARDS & VIOLATIONS

Congress enacted the CWA "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." CWA Section 301(a), 33 U.S.C. Section 1311(a), prohibits the discharge of pollutants into waters of the United States except when authorized by a NPDES permit. "Waters of the United States" are defined by federal regulation as:

(1) All waters which are currently used, or were used in the past, or may be susceptible to use in interstate or foreign commerce, including all waters which are subject to the ebb and flow of the tide;

(2) All interstate waters including interstate wetlands;

(3) All other waters such as intrastate lakes, rivers, streams (including intermittent streams), mudflats, sandflats, wetlands, sloughs, prairie potholes, wet meadows, playa lakes, or natural ponds, the use, degradation or destruction of which could affect interstate or foreign commerce including any such waters: (i) Which are or could be used by interstate or foreign travelers for recreational or other purposes; or (ii) From which fish or shellfish are or could be taken and sold in interstate or foreign commerce; or (iii) Which are used or could be used for industrial purposes by industries in interstate commerce;

(4) All impoundments of waters otherwise defined as waters of the United States under this definition;

(5) Tributaries of waters identified in paragraphs (s)(1) through (4) of this section;

(6) The territorial sea;

(7) Wetlands adjacent to waters (other than waters that are themselves wetlands) identified in paragraphs (s)(1) through (6) of this section; waste treatment systems, including treatment ponds or lagoons designed to meet the requirements of CWA (other

2

than cooling ponds as defined in 40 CFR 423.11(m) which also meet the criteria of this definition) are not waters of the United States.

Waters of the United States do not include prior converted cropland.

Notwithstanding the determination of an area's status as prior converted cropland by any other federal agency, for the purposes of the Clean Water Act, the final authority regarding Clean Water Act jurisdiction remains with EPA.

Permit Violation 1: Failure to locate outfall of underground storm water drainage system by accepted means.

As per recent site inspection (September 2013), a definitive outfall location has yet to be established.

Permit Violation 2: Failure to test and monitor system integrity by accepted means.

As per recent (July 2013) open records request, no integrity test of the storm water drainage system has ever been done, nor has any waiver been applied for, or granted. Additionally, the most recent site inspection (September 2013) still failed to include the required integrity test. These violations by Ritchie Lakeland Oil have been ongoing for in excess of 10 years, thus allowing for the unregulated and potentially unlimited discharge of hazardous pollutants into the environment.

RELIEF SOUGHT

Rick Kawczynski demands that Ritchie Lakeland Oil immediately comply with the terms of the NPDES permit. If permit violations do not immediately cease, Rick Kawczynski will seek damages and reasonable costs, attorney and expert fees, and any other relief deemed just and appropriate by the Federal District Court for the Western District of Wisconsin pursuant to 33 U.S.C. 1365 (d). Additionally, plaintiff respectfully requests that the Court determine that the DNR is out of compliance for failing to enforce its authorized program properly and recommend that the EPA administrator review program authorization.

Dated this 12th day of February, 2014

Ricky J Kawczynski, Pro Se
3961 W Drexel Ave
Franklin, WI 53132

3