IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICKY J. KAWCZYNSKI,

                                                                                                    OPINION AND ORDER

                Plaintiff,

                                                                                                     14-cv-125-bbc

    v.

RITCHIE-LAKELAND OIL CO., INC.
and JOE RITCHIE,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Pro se plaintiff Rick Kawczynski has filed a citizen suit under the Clean Water Act, 33 U.S.C. § 1365(a), in which he alleges that defendants Ritchie-Lakeland Oil Co., Inc. and Joe Ritchie are violating permits related to the monitoring of pollutants discharged into the "the Lake Minocqua chain of lakes." Defendants have moved to dismiss plaintiff's lawsuit under Fed. R. Civ. P. 12(b)(1) on the ground that plaintiff has not alleged sufficient facts in his complaint to show that he has standing to sue. Because plaintiff has not properly alleged standing in his complaint, I am granting defendants' motion, but I will give plaintiff leave to amend his complaint.

OPINION

The question raised by defendants' motion is whether plaintiff has alleged sufficient

1

facts to show that he has standing to sue under Article III of the Constitution. To establish Article III standing, a litigant must allege "an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged action; and redressable by a favorable ruling." Korte v. Sebelius, 735 F.3d 654, 667 (7th Cir. 2013) (quoting Horne v. Flores, 557 U.S. 433, 445 (2009)). In their motion, defendants focus on the first part of this test, which is whether plaintiff has alleged a concrete injury.

In ruling on a motion to dismiss, courts are to read a complaint liberally and accept as true all well pleaded allegations and any inferences that may reasonably be drawn from those allegations. Sapperstein v. Hager, 188 F.3d 852, 855 (7th Cir. 1999). Defendants cite Apex Digital, Inc. v. Sears, Roebuck & Co., 572 F.3d 440, 443 (7th Cir. 2009), for the proposition that the court should limit its analysis to allegations in the complaint and should disregard any allegations in other documents such as plaintiff's notice of claim and his brief. However, even if I consider these other documents, I agree with defendants that plaintiff has not alleged an injury that gives him standing to sue under Article III.

"[E]nvironmental plaintiffs adequately allege injury in fact when they aver that they use the affected area and are persons for whom the aesthetic and recreational values of the area will be lessened by the challenged activity." Friends of the Earth, Inc. v. Laidlaw Environmental Services., 528 U.S. 167, 183 (2000)). Alternatively, a plaintiff may allege that he stopped using the affected area because of the defendant's challenged conduct. Id. A desire to have environmental laws enforced is not enough. Pollack v. United States Dept. of Justice, 577 F.3d 736, 743 (7th Cir. 2009).

2

Plaintiff alleges that he "is a former owner of environmentally contaminated property directly down grade from Ritchie Lakeland Oil" and that "[h]e has in the past and continues to use the adjoining U.S. waters for recreational purposes." Attach. to Plt.'s Br., dkt. # 12, at 2. In addition, plaintiff alleges that he "spends hundreds of hours in and on the water with his or her family." Pl.'s Br., dkt # 12, at 1.

With respect to plaintiff's allegation about his property, he does not identify any particular harm to the property, such as a reduction in its value. Although he says that the property is "environmentally contaminated," he neither identifies what that contamination might be nor alleges that defendant caused the contamination. In any event, plaintiff admits that he no longer owns the property and he does not identify any provision in the Clean Water Act that would allow him to recover damages for past harm to his property. 33 U.S.C.A. § 1365(a) (authorizing citizen suit "to enforce . . . an effluent standard or limitation . . . and to apply any appropriate civil penalties under section 1319(d) of this title").

With respect to plaintiff's allegation that he uses "adjoining waters," he does not explain what that means. In particular, he does not identify what those waters are or allege any facts suggesting that any waters he uses are affected by defendants' challenged conduct. Lujan v. National Wildlife Federation, 497 U.S. 871, 886-88 (1990) (allegation that plaintiff used land "in the vicinity of" affected area not sufficiently specific to show standing). Further, he does not explain how he uses the water or how he has been harmed by his use of the water. For example, he does not allege that he has gotten sick because of

3

the water or that his enjoyment of the water has been lessened in any way. Without those allegations, plaintiff does not have standing to sue.

Under 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Further, the general rule is that courts should give the plaintiff an opportunity to amend his complaint after it is dismissed to fix the problems identified by the court. Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n, 377 F.3d 682, 687 (7th Cir. 2004). Accordingly, I am granting defendants' motion to dismiss, but I will give plaintiff an opportunity to file an amended complaint.

If plaintiff chooses to file an amended complaint, he should keep in mind several things. First, plaintiff should file an amended complaint that may *replace* his original complaint. In other words, plaintiff should not file a supplement to the original complaint, but must start from scratch and file a complaint that tells his entire story as it relates to this case. Plaintiff should not refer to the original complaint or any other documents. If he believes any information in the original complaint or attachments is important to his claims, he should repeat that information in the amended complaint.

Second, because the parties have focused on the question whether plaintiff has alleged an injury, I have done the same. I have not considered whether plaintiff's injury is "fairly traceable" to defendants' conduct and whether the injury is likely to be redressed if he wins this lawsuit. In addition, I have not considered whether plaintiff's allegations are sufficient to state a claim upon which relief may be granted under the Clean Water Act. If plaintiff's

4

allegations are deficient with respect to any standing requirement or with respect to merits of his claim, defendants will be free to file another motion to dismiss.

ORDER

IT IS ORDERED that

1. The motion to dismiss for lack of subject matter jurisdiction filed by defendants Ritchie Lakeland Oil and Joe Ritchie, dkt. # 7, is GRANTED.

2. Plaintiff Ricky J. Kawczynski may have until August 25, 2014, to file an amended complaint that addresses the problems discussed in this order. If plaintiff does not respond by August 25, 2014, the clerk of court will enter judgment dismissing the case for lack of subject matter jurisdiction and close the case.

Entered this 4th day of August, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5