IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICKY J. KAWCZYNSKI,

                                                                                  OPINION AND ORDER

               Plaintiff,

                                                                                      14-cv-125-bbc

     v.

RITCHIE-LAKELAND OIL CO., INC.
and JOE RITCHIE,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action, pro se plaintiff Ricky J. Kawczynski has filed a citizen suit under the Clean Water Act, 33 U.S.C. § 1365(a), in which he alleges that defendants Ritchie-Lakeland Oil Co., Inc. and Joe Ritchie have been violating the Act by failing to locate a proper area for storm water discharge and by failing to monitor and test their storm water discharges as required under their permit. Plaintiff argues that defendants' violations create the risk that defendants are releasing pollutants into "the Lake Minocqua chain of lakes." In an order dated August 4, 2014, this court dismissed plaintiff's original complaint because plaintiff had not stated a cognizable injury and thus had no standing to sue under Article III of the United States Constitution.

      Plaintiff has filed an amended complaint, which defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(1) on the ground that plaintiff has not yet shown he has standing to sue. Dkt. #17. Although it appears that plaintiff has now alleged a concrete

1

injury, he has not alleged that he followed the notice requirements of the Clean Water Act. Because I conclude that compliance with the notice requirements is a mandatory condition for bringing a citizen suit under the Act, plaintiff will be ordered to show cause why his case should not be dismissed for failure to comply with this requirement.

OPINION

Defendants argue that plaintiff has not alleged sufficient facts to show standing in his amended complaint, which he must do to establish jurisdiction under Article III of the United States Constitution. Plaintiff says that he used to spend time recreating on the Minocqua chain of lakes and harvesting fish and other wildlife, but because of defendants' ongoing permit violations and history of chemical spills, he has stopped doing so out of fear of injury to his and his family's health. "[E]nvironmental plaintiffs adequately allege injury in fact when they aver that they use the affected area and are persons for whom the aesthetic and recreational values of the area will be lessened by the challenged activity," or when they allege that they have *stopped* using the affected area because of the challenged activity. Friends of the Earth, Inc. v. Laidlaw Environmental Services., 528 U.S. 167, 183 (2000).

Defendants say that plaintiff's injury is too vague to meet this standard because the "Minocqua chain of lakes" is vast (more than 5,000 acres) and because plaintiff says merely that there is a risk that defendants are polluting the waterway and thus nothing more than a risk that plaintiff has been harmed. They also argue that plaintiff has failed to show any evidence of contamination of those waters.


injury, he has not alleged that he followed the notice requirements of the Clean Water Act. Because I conclude that compliance with the notice requirements is a mandatory condition for bringing a citizen suit under the Act, plaintiff will be ordered to show cause why his case should not be dismissed for failure to comply with this requirement.

OPINION

Defendants argue that plaintiff has not alleged sufficient facts to show standing in his amended complaint, which he must do to establish jurisdiction under Article III of the United States Constitution. Plaintiff says that he used to spend time recreating on the Minocqua chain of lakes and harvesting fish and other wildlife, but because of defendants' ongoing permit violations and history of chemical spills, he has stopped doing so out of fear of injury to his and his family's health. "[E]nvironmental plaintiffs adequately allege injury in fact when they aver that they use the affected area and are persons for whom the aesthetic and recreational values of the area will be lessened by the challenged activity," or when they allege that they have *stopped* using the affected area because of the challenged activity. Friends of the Earth, Inc. v. Laidlaw Environmental Services., 528 U.S. 167, 183 (2000).

Defendants say that plaintiff's injury is too vague to meet this standard because the "Minocqua chain of lakes" is vast (more than 5,000 acres) and because plaintiff says merely that there is a risk that defendants are polluting the waterway and thus nothing more than a risk that plaintiff has been harmed. They also argue that plaintiff has failed to show any evidence of contamination of those waters.

The size of the waterway has no effect on the concreteness of plaintiff's injury; if anything his injury is greater as a result of the large size of the affected waters. As set forth in Friends of the Earth, 528 U.S. at 183, changes in behavior for mere risks of harms to one's health or enjoyment are sufficiently concrete injuries for the purposes of Article III standing. Further, plaintiff need not provide any proof or evidence at this stage in the proceedings; the allegations in his complaint are assumed true. Therefore, I conclude that the facts alleged in plaintiff's amended complaint are sufficient to establish his standing to sue.

However, plaintiff has failed to plead completion of the notice requirements set forth in the Clean Water Act's citizen suit provision. Under this provision, "[n]o action may be commenced . . . prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order." 33 U.S.C.A. § 1365(b)(1)(A).

Defendants have not raised this issue, so the question is whether the court must do so on its own. In Hallstrom v. Tillamook County, 493 U.S. 20, 31 (1989), the Supreme Court held that the 60-day notice and delay requirements in the Resource and Conservation Recovery Act were "mandatory conditions precedent to commencing suit" but declined to decide "whether § 6972(b) is jurisdictional in the strict sense of the term." Courts of appeals have since applied the Halstrom reasoning to the 60-day notice and delay requirements in the Clean Water Act, with the courts splitting on the question whether the requirements are jurisdictional and thus not waivable. City of Newburgh v. Sarna, 690 F. Supp. 2d 136, 152

(S.D.N.Y. 2010) aff'd in part, dismissed in part, 406 F. App'x 557 (2d Cir. 2011) (listing cases). The Court of Appeals for the Seventh Circuit has treated the notice requirement of the Clean Water Act as "jurisdictional," Atlantic States Legal Foundation, Inc. v. Stroh Die Casting Co., 116 F.3d 814, 819 (7th Cir. 1997), but both it and the Supreme Court have become stricter in defining "jurisdictional" since Halstrom and Atlantic States Legal Foundation were decided. E.g., Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011) ("Because the consequences that attach to the jurisdictional label may be so drastic, we have tried in recent cases to bring some discipline to the use of this term."); Minn-Chem, Inc. v. Agrium, Inc., 683 F.3d 845, 852 (7th Cir. 2012) (Foreign Trade Antitrust Improvements Act sets forth element of antitrust claim, not jurisdictional limit on power of federal courts).

      Nevertheless, some statutory requirements are "mandatory," even if not jurisdictional, and may or must be raised by the court even if the defendant does not do so. In Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154 (2010), the Supreme Court cited Hallstrom as an example of a case in which there was "a mandatory precondition to suit that . . . district courts may or should enforce sua sponte . . . ." Id. at 166 (internal citations omitted). See also Day v. McDonough, 547 U.S. 198, 209, 126 (2006) ("[W]e hold that district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition."); City of Newburgh, 690 F. Supp. 2d at 153 (declining to decide whether Clean Water Act notice requirement was jurisdictional but deciding that it must be raised by district court).

Moreover, the Clean Water Act's notice provision applies to parties other than defendants (the state and the EPA) in order "to give administrative agencies an opportunity to enforce environmental regulations." Hallstrom, 493 U.S. at 24. Because neither the EPA nor the state is a party to this case, neither has had the opportunity to respond to plaintiff's allegations or to object to plaintiff's failure to comply with the statute. If the violator alone can waive the defense, the purpose of the statute's notice requirements cannot be served. Therefore, I conclude that the court is free to raise this issue without prompting from defendants and that it would be unwise for the court to ignore it. Because plaintiff has failed to allege that he has complied with the notice requirement, I will give him an opportunity to show cause why his case should not be dismissed. If heplaintiff fails to respond or fails to show his compliance with the statute, his case will be dismissed without prejudice to his refiling it once he has complied with the notice requirements as set forth in the Clean Water Act statute and regulations.

Finally, I note that plaintiff refers to the Resource and Conservation Recovery Act in the first line of his amended complaint, but does not discuss it again and has not alleged any violations of this Act. I conclude, therefore, that he has not stated a claim and cannot proceed under the Resource Conservation and Recovery Act.

ORDER

IT IS ORDERED that

1. The motion of defendants Ritchie-Lakeland Oil Co., Inc. and Joe Ritchie to

dismiss plaintiff Ricky J. Kawczynski's amended complaint, dkt. #17, is DENIED.

2.  Plaintiff may have until December 8, 2014 to show cause why his case should not be dismissed for his failure to have complied with the Clean Water Act's notice requirements.  Unless plaintiff can show that he has complied with the notice requirements, his case will be dismissed without prejudice to his refiling it after he does so.

Entered this 18th day of November, 2014.

                              BY THE COURT:

                              /s/
                              BARBARA B. CRABB
                              District Judge